PEOPLE's SAVINGS ASSN., APPELLEE, *v.* STANDARD INDUSTRIES, INC., ET AL.; ET AL., APPELLANT.

[Cite as People's Savings Assn. v. Standard Industries (1970), 22 Ohio App. 2d 35.]

(No. 6704—Decided April 8, 1970.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. James B. Cushman,* and *Messrs. Brackney & Goranson,* for appellees.

*Mr. Marshall R. Desmond* and *Mr. Anthony Pizza,* for appellant.

POTTER, J. This is an appeal on questions of law from a judgment of foreclosure in the Court of Common Pleas of Lucas County. The defendant-appellant purchased property subject to a mortgage given by the defendants Daniel Lublin and Helene Lublin and Standard Industries, Inc., to the plaintiff, appellee herein, People's Savings Association. The defendants Lublin and the corporate defendant filed no answer and entered a confession of judgment and are not parties appellant.

Plaintiff's mortgage contained the following acceleration clause:

"6. If there shall be any change in ownership of the premises covered by this mortgage, other than by the laws of inheritance applicable to the estate of the mortgagor or by mortgagor's testamentary device made without the consent of the Association, the entire principal and interest accrued thereon shall become due and payable immediately at the election of the Association."

The mortgage contained the following definition of default:

"8. That, if at any time, if any one or more of the following events, (hereinafter called a 'default') shall occur, to-wit: * * *

"(d) title to the mortgaged property shall be transferred to another without the written consent of the Association, other than by the laws of inheritance applicable to the estate of the Mortgagor or by Mortgagor's testamentary device, * * * then and in such event the entire unpaid balance of the principal sum secured hereby and any sums of money paid by the Association for taxes, assessments, repairs or insurance upon the mortgaged property, plus interest thereon, shall become immediately due and payable at the option of the Association, and the Association is hereby authorized in any such case of default to proceed at its option for the collection of the whole amount unpaid hereunder by foreclosure or otherwise, * * *."

Plaintiff's note contained the following provision:

"If default be made under any of the warranties, terms, covenants or conditions of said mortgage, * * * then and in that event, without presentation, demand or notice, the entire principal and interest then unpaid, at the option of the holder hereof shall become immediately due and payable, and the whole amount of said principal and interest unpaid shall draw interest from the date of such default at the rate of eight per cent per annum, payable monthly until paid."

Defendant-appellant failed to obtain plaintiff's consent to the transfer of the real estate as required by the note and mortgage, and he failed to negotiate and execute an

assumption. The deed by which defendant-appellant took title specifically makes reference to the mortgage and recites that grantee agrees to assume and pay the mortgage according to the terms and conditions thereof and save the grantor harmless. The closing agreement executed by the defendant-appellant contains a similar recitation. Upon the failure of the defendant-appellant to renegotiate the note and mortgage at an increased rate of interest, the plaintiff declared the entire principal and interest due and filed suit to foreclose its mortgage.

To the judgment, defendant-appellant filed four assignments of error. Assignments of error Nos. (1), (2) and (4) are set forth in the footnote,* need no comment, and are not well taken. Assignment of error No. (3) is as follows:

"The trial court erred in holding a clause in the note and mortgage of the plaintiff herein, which permitted plaintiff bank to treat the transfer of real estate by the mortgagor as a default, entitling said plaintiff bank to acceleration of the balance due, when the same is illegal, inequitable, and contrary to public policy of the state of Ohio."

---

*Assignment of error No. 1

The trial court erred in allowing the plaintiff bank to proceed with foreclosure proceedings when such plaintiff had an adequate remedy at law by way of declaratory judgment.

Assignment of error No. 2

The court erred in allowing the plaintiff equitable relief in foreclosure proceedings when the plaintiff came into equity with unclean hands in discriminating against defendant, Harry R. Illman, in the following respects:

A. By wrongfully appointing a receiver when one was not necessary.

B. By laches and delay in retaining the documents and tendered payment an unreasonable length of time.

C. In attempting to enforce penal provision through forfeiture.

Assignment of error No. 4

The trial court erred in holding that the plaintiff bank, upon declaring a default of the note and mortgage, upon transfer, was also entitled to increased interest at eight per cent on the unpaid balance when such increase was penal in nature, confiscatory, depriving the defendant buyer, appellant herein, of property without due process of law.

We comment on that assignment because we find no Ohio authority on the subject, only limited authority from other states, and because of the likelihood that this proposition will be again asserted.

Defendant-appellant argues that public policy makes the provision for acceleration based on change of ownership void *ab initio* and that this court should so hold. Acceleration clauses in mortgages are not new in Ohio. See 37 Ohio Jurisprudence 2d 268, Mortgages, Section 80. See, also, *Nixon* v. *Buckeye Building & Loan Co.* (1934), 18 Ohio Law Abs. 261. In *Coast Bank* v. *Minderhout*, 61 Cal. 2d 311, 392 P. 2d 265, Justice Traynor, in a thorough opinion, held that a similar provision is a reasonable restraint designed to protect justifiable interests of the parties. We concur, and hold that a significant element in the mortgage contract is the mortgagor himself, his financial responsibility and his personal attitudes. The right of the mortgagee to protect its security by maintaining control over the identity and financial responsibility of the purchaser is a legitimate business objective and is not illegal, inequitable or contrary to the public policy of the state of Ohio.

We therefore find defendant-appellant's assignment of error No. (3) not well taken, and the same is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN, P. J., and STRAUB, J., concur.