779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DELCO DEVELOPMENT COMPANY OF HARRISON ROAD, LTD., Plaintiff-Appellant,
v.
WESTERN & SOUTHERN LIFE INSURANCE COMPANY, Defendant-Appellee.
 82-3649
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 
 AFFIRMED
 S.D.Ohio
 On Appeal From The United States District Court for the Southern District of Ohio
 BEFORE: ENGEL, KEITH and KENNEDY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, Delco Development Company of Harrison Road, Ltd. (Delco) appeals from a district court order granting summary judgment to the defendant, Western & Southern Life Insurance Company (Western & Southern). This diversity breach of contract action arises from a dispute over Delco's right to sell mortgaged property under a 'due-on-sale' clause contained in the parties' mortgage agreement. The district court granted summary judgment in favor of Western & Southern on the ground that the 'due-on-sale' clause forcing Delco to get Western & Southern's consent before selling the property or alternatively to pay off the mortgage was a matter of contract and therefore enforceable under Ohio law.
 
 
 2
 The issue on appeal is whether a lender under Ohio law can withhold its consent pursuant to a bargained for 'due-on-sale' clause when its security interest in the property is not jeopardized but it has an economic justification for doing so. For the reasons stated below, we affirm the decision of the district court and hold that a lender can withhold consent under these circumstances.
 
 I.
 
 3
 On December 30, 1980, Western & Southern issued a mortgage loan to Delco in the amount of $3,200,000. This sum was advanced in two draws, at an interest rate of 10-1/4%, upon terms more fully set out in the note. This note was secured by a mortgage on a shopping center on Harrison Road.
 
 
 4
 On August 28, 1981, Delco requested Western & Southern's consent to a transfer of the property described in the mortgage.[1] At that time, the prevailing interest rate offered on commercial loans of this nature by Western & Southern was fourteen percent. Because current interest rates had deviated considerably from the original interest rate and because it was not contractually obligated to consent to the transfer, Western & Southern exercised its prerogative under paragraph seventeen[2] of the mortgage, the 'due-on-sale' clause, and refused to consent to the transfer of the property. Western & Southern negotiated with Delco from October 1981 until December 1981 over an acceptable sum to be paid Western & Southern by Delco in return for its consent to transfer. Delco proposed approximately $111,370, while Western & Southern agreed to consent for a fee of $250,000. Negotiations broke down and no further negotiations were conducted in the time period ending with Delco's filing of this lawsuit on February 17, 1982. Western & Southern indicated that it could not approve the sale without damaging its investment portfolio, since interest rates had risen between the time the note was executed and the time that Delco sought permission to sell to McNeil.
 
 II.
 
 5
 The courts that have analyzed this issue uniformly hold that a 'due-on-sale' clause restrains alienation. They further hold, however, that these clauses are not per se illegal. That is, a 'due-on-sale' clause can protect the legitimate interests of a mortgagee which outweigh the evils of restraining alienation. As such, the jurisdictions agree that a 'due-on-sale' clause may be invoked in order to protect a mortgagee's security interest in the mortgaged premises.
 
 
 6
 The Ohio case law on 'due-on-sale' clauses leaves no doubt that such clauses are enforceable. There have been only three cases which deal directly with this issue: People's Savings Assn'n v. Standard Industries, 22 Ohio App. 2d 35, 257 N.E. 2d 406 (Lucas 1970); Great Northern Savings v. Ingarra, 66 Ohio St.2d 503, 423 N.E.2d 128 (1981); First Federal Savings & Loan Association of Toledo v. Perry's Landing, 11 Ohio App. 3d 135, 463 N.E. 2d 636 (Wood 1983). The leading decision, People's Savings Assn. v. Standard Industries, 22 Ohio App. 2d 35, 257 N.E. 2d 406 (1976), like this case, involved a mortgage agreement which prohibited transfer of the mortgaged property without the written consent of the mortgagee. When the mortgagor sold the subject property without obtaining the mortgagee's consent, the mortgagee instituted a foreclosure action. The court rejected the mortgagor's contention that the 'due-on-sale' clause was void ab initio and adopted the California rule articulated in Coast Bank v. Minderhout, 61 Cal. 2d 311, 392 P.2d 265 (1964).
 
 
 7
 [A] significant element in the mortgage contract is the mortgagor himself, his financial responsibility and his personal attitudes. The right of the mortgagee to protect its security by maintaining control over the identity and financial responsibility of the purchaser is a legitimate business objective and is not illegal, inequitable or contrary to the public policy of the State of Ohio.
 
 
 8
 People's Savings Assn. v. Standard Industries, 22 Ohio App. 2d at 38, 257 N.E. 2d at 408. Thus, Ohio's first pronouncement regarding 'due-on-sale' clauses adopted the California view that restraints on alienation should be countenanced because they enable a mortgagee to protect its security interest.
 
 
 9
 Appellant argues that People's Savings in no way implies that a mortgagee can exercise its rights under the due-on-sale clause to preclude the mortgagor from selling the mortgaged property where such exercise bestows extra-contractual benefits to the mortgagee. However, appellants offer no specific support for this position given the court's holding in People's Savings.
 
 
 10
 The next Ohio case on point is Great Northern Savings Co. v. Ingarra, 66 Ohio St. 2d 503, 423 N.E. 2d 128 (1981). In this case the Ohio Supreme Court held that the lender was estopped from enforcing its 'due-on-sale' clause by the conduct of its vice president and loan officer in encouraging the sale. Consequently, the court held that a mortgagee's interest in maintaining and updating its investment portfolio did not constitute a legitimate basis for restraining alienation under a 'due-on-sale' clause.
 
 
 11
 Delco argues that Great Northern supports its position. We do not agree. First, Great Northern involved a lender who was estopped from enforcing the 'due-on-sale' clause because of the conduct of its vice president and loan officer. However, Delco offers no estoppel theories in the instant case. Second, the court in Great Northern did not even reach the issue of whether 'due-on-sale' clauses are generally enforceable:
 
 
 12
 [w]e need not reach the issue of whether such clauses are enforceable when the obligee does not have a reasonable concern regarding impairment of its security or return on its investment. Id. at 131.
 
 
 13
 Finally, Delco fails to observe that Great Northern also holds that:
 
 
 14
 . . . a due-on-sale clause restrains the mortgagor's right to alienate property is not enough. All mortgages in the conceptual sense restrain that freedom. It is the reasonableness of the restraint which must be scrutinized. . . . Thus, the test is whether the enforcement or invocation of the clause is reasonable under the circumstances.
 
 
 15
 Great Northern, at 15, 16, 17.
 
 
 16
 In our view, Western & Souther imposed a reasonable restraint. In 1982, the interest rate at which a mortgagee could lend money was substantially higher than it had been in previous years. It would have been to the financial detriment of Western & Southern to continue a mortgage at 10-1/4% when the prevailing interest rate at that time was substantially higher. Enforcement of the clause here would be as the district court concluded, reasonable under the circumstances.
 
 
 17
 Finally, the Ohio Court of Appeals decision in First Federal Savings & Loan Association of Toledo v. Perry's Landing, 11 Ohio App. 3d 135, 463 N.E. 2d 636 (Wood 1983), identifies 'due-on-sale' clauses which constitute restrains on alienation and distinguishes them from those which do not. 11 Ohio App. 3d at 142, 463 N.E. 2d at 644-45. Although this case highlights the most recent discussion on 'due-on-sale' clauses, its holding does not change the above analysis.
 
 
 18
 In view of the above discussion, it would appear that 'due-on-sale' provisions such as the present one are simply a matter of contract. In the instant case, Delco is suing Western & Southern for not consenting to a sale to a third party. However, the defendant is not contractually obligated to give consent, and absent an unreasonable exercise of its discretion to withhold consent, it may do so to protect its financial security.
 
 
 19
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Delco requested Western & Southern's consent to sale of mortgage property to McNeil Real Estate Fund XII, Ltd. ('McNeil'). In its written request, Delco described McNeil's credit worthiness and also explained that McNeil would be taking title to the premises subject to Western-Southern's mortgage
 
 
 [2]
 Paragraph Seventeen of the mortgage states:
 'Mortgagors further covenant and agree . . ..
 '17. Not to make, create, or suffer to be made or created, any sale, transfer, conveyance, or assignment of the premises, or any part thereof or any interest therein, or any contract or agreement to do any of the same without mortgagee's prior written consent.'
 Pursuant to paragraph three of the note, breach of this covenant would render the entire mortgage loan immediately due and payable.