LYONS, APPELLANT, *v.*
SKUNDA ET AL., APPELLEES.

(No. 15-85-19—Decided
December 30, 1986.)

*Donald Johnson,* for appellant.
*Phil W. Campbell,* for appellees.

COLE, J. This is an appeal by the appellant, LeRoy B. Lyons, from a judgment of the Court of Common Pleas of Van Wert County wherein that court, after a hearing on the merits, awarded judgment to the defendants in a foreclosure action.

The transcript in the case is very brief and consists entirely of certain stipulations and exhibits which were in evidence. It appears that on August 13, 1982, defendant Jill Skunda executed a certain promissory note, promising to pay the sum of $16,243.50 to LeRoy B. Lyons, or order, in accordance with certain provisions among which was the following:

"This note shall at the option of the legal owner hereof become due and payable in full and said mortgage enforceable should a change occur in the ownership of said real estate or any part thereof without the express written consent of the holder hereof."

The note was secured by a mortgage on certain real estate.

At the time of the trial in the trial court, the payments had been currently paid or tendered.

There was evidence that Jill Skunda was married to Anthony Skunda on November 3, 1983 and that she transferred by warranty deed an undivided one-half interest to Anthony Skunda on July 30, 1984. Further, it was stipulated that this deed was executed "without prior contact or approval of LeRoy B. Lyons."

These are the facts before the trial court and all the facts found by that court in its journal entry. Many more facts are set forth in appellees' brief, both in the statement of facts and in the course of argument. None of these added facts is before this court. We must accept only the facts properly before us in the record and in the transcript.

In the answer, defendant Jill Skunda admitted executing the mortgage and that she signed the mortgage, all subject to conditions. Some seven defenses were asserted. However, only the facts listed above were placed before the trial court at trial.

These facts are sufficient to present the sole issue determined by the trial court, *i.e.,* the efficacy of a clause accelerating maturity if the title to mortgaged property be transferred without consent.

In its judgment entry, the trial court stated:

"The Court finds that absent a showing of evidence of any additional insecurity on behalf of mortgagee, the mere transfer of an undivided one-half (½) interest to a spouse is insufficient to trigger the Court's equitable reme-

dy of foreclosure and enforcement under the 'due-on-sale' clause of the note."

The sole assignment of error is:

"The trial court's judgment was against the manifest weight of the evidence and contrary to law."

This assignment of error is correct if the acceleration clause was enforceable. If not, the judgment was correct and must be affirmed.

We conclude that the trial court was in error in finding that the acceleration clause was not enforceable.

In *Great Northern Savings Co. v. Ingarra* (1981), 66 Ohio St. 2d 503, 507, 20 O.O. 3d 415, 418, 423 N.E. 2d 128, 131, the Supreme Court recognized that there was a split on the "due on sale" issue, but avoided deciding that issue with the following statement:

"Even those jurisdictions holding that 'due on sale' clauses are ordinarily enforceable have held that such enforcement is subject to equitable defenses such as estoppel and unconscionability. Inasmuch as we hold that appellant is estopped from enforcing the clause against appellees, we need not reach the issue of whether such clauses are enforceable when the obligee does not have a reasonable concern regarding impairment of its security or return on its investment."

Prior to *Ingarra,* in *People's Savings Assn.* v. *Standard Industries* (1970), 22 Ohio App. 2d 35, 38, 51 O.O. 2d 43, 44-45, 257 N.E. 2d 406, 407-408, the Sixth District Court of Appeals held as follows:

"* * * In *Coast Bank* v. *Minderhout,* 61 Cal. 2d 311, 392 P. 2d 265, Justice Traynor, in a thorough opinion, held that a similar provision is a reasonable restraint designed to protect justifiable interests of the parties. We concur, and hold that a significant element in the mortgage contract is the mortgagor himself, his financial

responsibility and his personal attitudes. The right of the mortgagee to protect its security by maintaining control over the identity and financial responsibility of the purchaser is a legitimate business objective and is not illegal, inequitable or contrary to the public policy of the state of Ohio."

More recently in *First Federal S. & L. Assn.* v. *Perry's Landing, Inc.* (1983), 11 Ohio App. 3d 135, 11 OBR 215, 463 N.E. 2d 636, the same court of appeals arrived at the same result emphasizing that, as a contract, the enforcement of a "due on sale" clause in a mortgage transaction is subject to traditional contract defenses, including equitable defenses. It is not, however, unenforceable *per se.*

The court stated at 139-140, 11 OBR at 220-221, 463 N.E. 2d at 642:

"Ohio has no analogous *Wellenkamp* [see *Wellenkamp* v. *Bank of America* (1978), 21 Cal. 3d 943, 148 Cal. Rptr. 379, 582 P. 2d 970] doctrine. In fact, due-on-sale clauses were held valid and enforceable without restriction over ten years ago by this court in *People's Sav. Assn.* v. *Standard Industries* (1970), 22 Ohio App. 2d 35 [51 O.O. 2d 43]. In *Great Northern Savings Co.* v. *Ingarra* (1981), 66 Ohio St. 2d 503, 507 [20 O.O. 3d 415], the Ohio Supreme Court, at least implicitly, recognized the basic validity and enforceability of such clauses. The Supreme Court's application of the long-recognized, well-settled principle of equitable estoppel in the *Ingarra* case is not inconsistent with the general enforceability of due-on-sale clauses. * * *."

Thus, we conclude that the due-on-sale clause in the note here involved was enforceable under Ohio law, having been determined by the contractual agreement of the parties. There is no difference between a due-on-sale and a due-on-transfer situation. Both are properly the subject of contractual

bargaining and agreement. The trial court had no power or authority to rewrite the contract here with a limiting clause requiring demonstration that there was added insecurity to the mortgagee created by the transfer. The clause as written was the agreement of the parties and that agreement was not void or unenforceable in equity as a matter of public policy. The operation of the clause in this, as in any other particular case, is subject to the various defenses available in equity.

Thus, the assignment of error is well-taken and the judgment of the trial court is reversed and the case is remanded for further proceedings.

*Judgment reversed*
*and case remanded.*

GUERNSEY, P.J., and MILLER, J., concur.