486 P.2d 190

The **BALTIMORE LIFE INSURANCE COM-PANY**, a Maryland corporation, Appellant,

v.

*Hugh L.* **HARN** *et al., Appellees.*

No. I CA-CIV 1331.

Court of Appeals of Arizona,
Division 1,
Department A.

June 30, 1971.

As Amended July 8, 1971.

Rehearing Denied Sept. 10, 1971.

Review Granted Oct. 13, 1971.

Samuel R. Hutchison and William C. Penn, Phoenix, for appellant.

Evans, Kitchel & Jenckes by Joseph S. Jenckes, Jr. and Stephen W. Pogson, Phoenix, for appellees Harn.

A. Alexander Katz, Phoenix, for appellees Heller.

KENNETH C. CHATWIN, Superior Court Judge.

This case is before us on appeal from the dismissal of a complaint for mortgage foreclosure, for failure to state a claim upon which relief could be granted. In the judgment entered on November 3, 1969, dismissing the plaintiff's complaint, the trial court made the following statement:

" * * * the Court ruled on the 25th day of September, 1969 in an order reading: 'The motion of defendants Harn to dismiss Complaint was argued and submitted to the Court. IT IS ORDERED granting said motion.' The plaintiff has not filed a motion to amend its Complaint. It appears to the Court that plaintiff's Complaint does not state a claim for relief against any of the defendants and should therefore be dismissed as to all defendants. * * *."

The facts, all of which must be taken as true, if well plead in the plaintiff's complaint, for purposes of reviewing the granting of the motion to dismiss, are not disputed by the defendants.

In 1964 the defendants Gene L. and Patricia Harn and Hugh L. Harn, the original mortgagors, borrowed $180,000 from Western American Mortgage Company. Western American was not a party to the foreclosure action. The loan was evidenced and secured by a promissory note and mortgage, both dated December 17, 1964. There were provisions in both the note and mortgage which permitted the debt to be accelerated and the mortgage foreclosed at the option of the mortgagee.

The provision of the note read:

"All sums due and payable under this Note and the mortgage or mortgages securing the same, * * * shall become due and payable without notice forthwith upon the conveyance of title to all or any portion of the mortgaged premises or property, or the vesting thereof in any other manner in, one other than to Mortgagor named therein."

and the mortgage contained this language:

"This mortgage and all sums hereby secured, * * * shall become due and payable at the option of Mortgagee and without notice to Mortgagor forthwith upon the conveyance of Mortgagor's title

to all or any portion of said mortgaged property and premises, or upon the vesting of such title in any manner in persons or entities other than, or with, Mortgagor."

The defendants Harn do not deny that they agreed to these conditions when they obtained the loan.

The note was endorsed to the plaintiff, Baltimore Life Insurance Company, and the mortgage was assigned to it on February 10, 1965.

The defendants Harn subsequently made formal written and recorded conveyances of the mortgaged property to other persons. The plaintiff asserted that these conveyances were in direct and open violation of the defendants' written contractual promises which entitled the plaintiff to acceleration and foreclosure. In its complaint the plaintiff further alleged that it was the owner of the promissory note and realty mortgage and that the defendants owed the principal sum of $159,849.98 with interest at the rate of 8% per annum from February 10, 1969, until paid, together with the sum of $5,795.50 as a prepayment penalty; foreclosure report in the sum of $326.25; and attorney's fees in the amount of $16,000.

Doris Diane Harn, holder of an undivided one-half interest in the property with Hugh L. Harn by a Joint Tenancy Deed, and the Hellers were also named as defendants in the complaint. The Hellers filed a cross-claim against the Harns in the event that judgment was entered against the Harns. The cross-claim was dismissed in the same order that dismissed the plaintiff's complaint. The plaintiff alleged that there were five transactions that were conveyances within the meaning of the note and mortgage agreements. It is not necessary to our decision to discuss each of these transactions in detail. We will confine our attention to the transaction which was most clearly a conveyance and should therefore be a default within the meaning of the agreements.

An agreement for sale and conveyance was executed and acknowledged by Hugh L. Harn, Patricia J. Harn and Gene L. Harn on November 14, 1968, to Seymour Heller and Josephine Heller. The agreement for sale was recorded on February 10, 1969. In the case of Baker v. Leight, 91 Ariz. 112, 370 P.2d 268 (1962), our Supreme Court held that an agreement of sale was a conveyance within the contemplation of an acceleration clause in a mortgage. In our opinion the agreement for sale and conveyance which was entered into on November 14, 1968, and recorded on February 10, 1969, was a conveyance. The question then remains as to whether allegations that a conveyance has taken place and that there are clauses in the note and mortgage which permit the mortgagee to accelerate and foreclose are sufficient to state a claim upon which relief can be granted.

In the Baker case the Supreme Court considered an acceleration clause similar to that which was included in the note and mortgage which the defendants Harn signed. In that case the Court made the statement that:

"The above-quoted mortgage language gives to the mortgagee the apparent right to accelerate. The court need not determine in this cause whether or not this right is in all events enforceable." 91 Ariz. at 116, 370 P.2d at 271.

The question now before this Court went unanswered and has remained unanswered to the present.

▮▮▮ The plaintiff urges that such a clause entitles it to relief upon the commission of an act in violation of the acceleration clause and that the allegation of the clause and its violation is a sufficient pleading. On the other hand, the defendants urge that such clauses are restraints on alienation, void as against public policy, and unenforceable. In the opinion of this Court the better view is that the parties to a mortgage and note may enter into such agreements as they deem necessary to the transaction of their business. Acceleration

clauses are bargained-for elements of mortgages and notes, protecting the mortgagee from risks connected with transfers. The underlying reason for an acceleration clause of the type before us is to insure that a responsible party is in possession, thus protecting the mortgagee from unanticipated risks.

■ The acceleration clause in this case is clearly a restraint on the mortgagors' ability to dispose of their property. We believe that so long as an acceleration clause does not purport to restrict absolutely the mortgagors' ability to dispose of their property there is not the type of restraint on alienation that would render the clause void. It follows that the invocation of the clause must be based on grounds that are reasonable on their face.

■ An action to accelerate and foreclose a mortgage being an equitable proceeding, Arizona Coffee Shops v. Phoenix Downtown Parking Ass'n, 95 Ariz. 98, 387 P.2d 801 (1963), it is not enough to allege merely that the acceleration clause has been violated. Absent an allegation that the purpose of the clause is in some respect being circumvented or that the mortgagee's security is jeopardized, a plaintiff cannot be entitled to equitable relief. Otherwise the equitable powers of the trial court would be invoked to impose an extreme penalty on a mortgagor with no showing that he has violated the substance of the agreement, that is, that he would not make a conveyance that would impair the security. We note that the complaint contained no allegation that there had been any default in payments as they became due and at oral argument counsel for the plaintiffs, responding to a question directed to this point, affirmed that there had been no missed payments. At no place in the pleading does an allegation appear that the plaintiff's security is in any way jeopardized.

■■ By our opinion in this matter we do not imply an approval or disapproval of the prepayment penalty clause connected with the acceleration clause, or the provi-

sion for attorney's fees. However, when these provisions are invoked, along with the acceleration of the principal balance on the mortgage, the result could be unconscionably harsh. Courts of equity may refuse to enforce these clauses where they will work a hardship on the debtor and the mortgagee is not prejudiced by the breach. See Arizona Coffee Shops case, supra. The plaintiff in an action of an equitable nature must allege sufficient facts that when taken as true entitle it to the relief it seeks.

■ We hold that the plaintiff failed to allege facts in its original complaint upon which relief could be granted. By its failure to seek to amend its complaint, the plaintiff elected to stand on its original allegations and the judgment of the trial court is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.

NOTE: Judge JAMES DUKE CAMERON was a member of Department A at the time this cause was argued. He requested that he be relieved from consideration of this matter and KENNETH C. CHATWIN, Judge of the Superior Court, was called to sit in his stead and participate in the determination of this decision.