ROBERT E. BAKER *et al.,* Plaintiffs-Appellees, *v.* LOVES PARK SAVINGS AND LOAN ASSOCIATION, Defendant-Appellant.

(No. 73-21;

Second District—July 24, 1974.

Guyer & Enichen, of Rockford, for appellant.

Maynard & Brassfield, of Rockford, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs, after filing a declaratory judgment action to construe certain provisions of a note and mortgage, were granted a summary judgment from which defendant appeals. The issue presented is whether the provisions constituted an unlawful restraint on alienation of property.

On May 5, 1967, plaintiffs purchased a home in Rockford, Illinois, for $20,700. To complete the purchase, they borrowed $15,700 with interest at the rate of 6% per annum from the defendant.

The note, in addition to providing that all of the "terms and conditions" of the mortgage securing the indebtedness were to be incorporated, also provided:

> "We further agree that upon any default upon this obligation, or the instrument securing it, interest at the rate of 1 percent (1%) per annum above the original rate provided herein on the unpaid balance of this indebtedness may be charged for the period of such default. Upon any default under this obligation, or the instrument securing it, at the option of the holder of this note, the unpaid balance of this note, and any advances made under it, or the instrument securing it, together with interest, shall become due and payable * * *."

That portion of the mortgage which is here relevant stated:

> "A. THE MORTGAGOR COVENANTS DURING THE TERM OF THIS MORTGAGE:
>
> (8) Not to suffer or permit without the written permission or consent of the Mortgagee being first had and obtained * * *
>
> (d) A sale, assignment or transfer of any right, title, or interest in and to said property or any portion thereof * * *."

On March 14, 1970, without obtaining defendant's consent, plaintiffs sold their house on contract to a third party for $23,000. On March 26, 1970, after learning of the sale, defendant notified the plaintiffs that it would not consent to the sale, that the note was therefore in default, and that an additional interest of 1% per annum above the original rate would be charged until the default was cured.

The trial court, in its order granting the summary judgment, found that the quoted portion of the mortgage constituted an unlawful restraint on alienation, that it was therefore unenforceable and of no legal effect. It further found that the quoted portion of the note was unenforceable "to the extent that said provision is invoked pursuant to Section A(8)(d) of the mortgage."

A restraint on alienation is usually applied to real property. Ordinarily, under the common law, the restraint was accomplished by means of a deed or will wherein the grantor or testator restricted conveyance. A mortgage does not transfer title or possession but acts as a lien. Under strict interpretation, it cannot be considered a restraint on alienation of property as between the mortgagor and the mortgagee. A mortgage is, however, in the nature of a restraint on alienation of property in that the effect of the mortgage clause here involved is to restrict the mortgagor's right to freely transfer his property. In other jurisdictions, the "consent to sale" clause found in the mortgage limits the conveyance of the property and thereby becomes a restraint on the alienation of the property. See *Coast Bank v. Minderhout*, 61 Cal. 2d 311, 314-315, 392 P. 2d 265, 267-68, 38 Cal. Rptr. 505, 507 (1964); *Baltimore Life Insurance Co. v. Harn*, 15 Ariz. App. 78, 81, 486 P.2d 190, 193 (1971); *Tucker v. Pulaski Federal Savings & Loan Association*, 252 Ark. 849, 854, 481 S.W. 2d 725, 728 (1972).

Defendant does not deny that the clause is a restraint but argues that the restraint, being reasonable, is lawful, whereas plaintiffs claim the clause is unlawful *per se*. Their contrary positions create the issue before us.

In Illinois, a person has a right to convey his property, and any restraint on alienation of property, as a general rule, is void as against public policy. This rule has been followed even though the restraints are limited in time (*McFadden v. McFadden*, 302 Ill. 504, 506-07 (1922)), as to mode (Noth v. Noth, 292 Ill. 536, 543 (1920)), or as to the type of estate (*McNamara v. McNamara*, 293 Ill. 54, 59 (1920); *Randolph v. Wilkinson*, 294 Ill. 508, 518 (1920); *Tolley v. Wilson*, 371 Ill. 124, 132 (1939)). The policy is based on the fact that restraints on alienation tend to keep property out of commerce, concentrate wealth, and deter improvement of the property; they may also prevent creditors from satisfying their claims. Against these disadvantages, the only benefit seems to be the satisfying of the conveyor's whims. Consequently, only where a restraint in alienation is reasonably designed to attain or encourage accepted social or economic goals will it be sustained. Thus:

> "* * * [T]he crucial inquiry should be directed at the utility of the restraint as compared with the injurious consequences that will flow from its enforcement. If accepted social and economic

considerations dictate that a partial restraint is reasonably necessary for their fulfillment, such a restraint should be sustained." *Gale v. York Center Community Cooperative, Inc.*, 21 Ill.2d 86, 92 (1960).

The question of whether the "consent to sale" clause should become an exception to the general rule against alienation is one of first impression. Other jurisdictions, under varying rationale, have held that it was reasonable for a lender to condition continued extension of credit upon the basis that the borrower retain his interest in the property securing the debt. See *Malouff v. Midland Federal Savings & Loan Ass'n*, 509 P.2d 1240, 1243 (Colo. 1973); *People's Savings Ass'n v. Standard Industries, Inc.*, 22 Ohio App.2d 35, 257 N.E.2d 406, 407-08 (1970); *Walker Bank & Trust Co. v. Neilson*, 26 Utah 2d 383, 385, 490 P.2d 328, 329 (1971); *Baltimore Life Insurance Co. v. Harn*, 15 Ariz. App. 78, 486 P.2d 190 (1971); *Gunther v. White*, 489 S.W.2d 529 (Tenn. 1973); *Tucker v. Pulaski Federal Savings & Loan Association*, 252 Ark. 849, 481 S.W.2d 725 (1972); *Stith v. Hudson City Savings Institution*, 63 Misc. 2d 863, 313 N.Y.S.2d 804, 808 (Sup. Ct. 1970); *Mutual Federal Savings & Loan Association v. Wisconsin Wire Works*, 58 Wis. 2d 99, 105-111, 205 N.W. 2d 762, 766-69 (1973).

Before a mortgage is let, the lender must consider not only the value of the security and the forecasted fluctuations of interest rates but the borrower's ability to keep the premises in repair, his integrity, reliability and degree of responsibility. The evaluation of these personal factors weighs heavily in the lender's determination. Thus the mortgage is issued *to* the person as well as *on* the property. In obtaining the mortgage, the borrower must suffer the injurious consequence of being prohibited from passing his lower-than-prevailing interest rate to another buyer without having first received the lender's consent. We are of the opinion that the utility of the restraint outweighs the injurious consequences that flow from its enforcement.

■■ We therefore hold that the "consent to sale" clause is not *per se* unlawful as against public policy but, rather, that it may be found to be a reasonable restraint upon alienation of property depending upon the underlying circumstances of the case. (*Gale v. York Center Community Cooperative, Inc., supra.*) In the case at bar, the trial court did not consider the underlying circumstances to determine whether the restraint herein was reasonable. The summary judgment is reversed and the cause remanded for such determination.

Judgment reversed and cause remanded.

SEIDENFELD and RECHENMACHER, JJ., concur.