569 P.2d 261

**Theodore S. PLEASANTS, a single man, on behalf of himself and all persons similarly situated, Appellant,**

**v.**

**HOME FEDERAL SAVINGS & LOAN ASSOCIATION, formerly known as Tucson Federal Savings & Loan Association, an Arizona Corporation, Appellee.**

**Glen A. BEYERSDORF and Esther A. Beyersdorf, husband and wife, on behalf of themselves, and all other persons similarly situated, Appellants,**

**v.**

**HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, a California Corporation doing business in Arizona, Appellee.**

**Nos. 2 CA–CIV 2241, 2 CA–CIV 2329.**

Court of Appeals of Arizona, Division 2.

June 7, 1977.

Rehearing Denied July 28, 1977.

Review Denied Sept. 20, 1977.

**320**

John William Lovell, Tucson, for appellants.

Gerald B. Hirsch, Tucson, Daughton, Feinstein & Wilson by Allen L. Feinstein and R. Stewart Halstead, Phoenix, for appellee.

Roush, Mori & Welch by Dow Ben Roush, Phoenix, for amicus curiae.

## OPINION

HATHAWAY, Judge.

This is an appeal from summary judgments in favor of the defendant in two consolidated actions. Both plaintiffs had filed complaints on behalf of themselves and others similarly situated against Home Federal Savings & Loan Association, formerly known as Tucson Federal Savings and Loan Association. Both plaintiffs had contracted to purchase real property upon which defendant held a first mortgage (*Pleasants v. Home Federal*) or a deed of trust (*Beyersdorf v. Home Federal*). They alleged that before the defendant would consent to their assumption of the obligation of the note secured by the mortgage or deed of trust, they were required to pay an assumption fee equal to one percent of the outstanding loan balance. The Beyersdorfs further alleged that they were also required to pay an interest rate which was one-half of one percent above that provided in the original note given by the original trustors.

The plaintiffs' claim for relief is based on four counts. Count I of each complaint asks for rescission of the agreements to pay an assumption fee and, in the *Beyersdorf* case, the additional interest. Count II also alleges that the requirement of payment of the above amounts was unlawful and that the defendant committed the tort of conversion. Count III presents a claim for damages under Arizona's Consumer Fraud Act, specifically A.R.S. § 44–1522. Count IV states that plaintiffs have a claim for money had and received which in good con-

science belonged to the plaintiffs and all persons similarly situated. We affirm the granting of summary judgment on all counts.

The legal theory underlying Counts I and II is that of duress pursuant to the Restatement of Contracts, § 492, adopted in Arizona. *Dunbar v. Dunbar,* 102 Ariz. 352, 429 P.2d 949 (1967).

The Restatement defines duress as:

"(a) any wrongful act of one person that compels a manifestation of apparent assent by another to a transaction without his volition, or

(b) any wrongful threat of one person by words or other conduct that induces another to enter into a transaction under the influence of such fear as precludes him from exercising free will and judgment, if the threat was intended or should reasonably have been expected to operate as an inducement."

Pleasants claims that he was threatened by defendant that the obligation of the mortgage would be accelerated unless he paid the assumption fee. Viewing the facts in the light most favorable to the appellant, as we must, we accept as true John R. McDonald's affidavit that such a threat was made. *Dutch Inns of America, Inc. v. Horizon Corporation,* 18 Ariz.App. 116, 500 P.2d 901 (1972).

Counts I and II of the Beyersdorf complaint, although also grounded on duress, do not arise out of any "threats" to accelerate the balance due on the deed of trust. Instead, the claim of duress is based on subsection (a) of § 492, Restatement of Contracts which requires a "wrongful act" in order for there to be duress. The wrongful act complained of is the inclusion in the final closing agreement of an assumption fee and a hike in the interest rate without the Beyersdorfs' prior knowledge. There is a dispute of fact as to whether the Beyersdorfs had advance knowledge of these charges because the real estate agent who handled the deal for the sellers testified on deposition that the Beyersdorfs had been informed whereas the Beyersdorfs denied this in their deposition. Also, a loan servicing officer for defendant stated in an affidavit attached to defendant's motion for summary judgment that she informed the Beyersdorfs of the extra charges.

■ Although there is a factual dispute as to whether the defendant acted in a certain way, it nevertheless was entitled to judgment as a matter of law because there is no evidence of duress. The type of duress which plaintiffs could most successfully allege would be economic duress—that they were forced by economic pressure to enter into the contracts to pay the fees. Williston on Contracts, 3rd Ed. § 1603, p. 665, has summarized the law of economic duress as follows. Although a finding of economic duress depends upon the facts of each individual case "three elements are common to all situations where duress has been found to exist. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." In both cases, these elements of duress were not present. A reasonable alternative to paying the fees was open to the Beyersdorfs and Pleasants. They could have declined to purchase the property. There has been no showing that they would have suffered grievous economic loss by such a refusal. Neither situation was one where a "victim [was forced] to choose between distasteful and costly situations." Williston, supra, § 1617, p. 706. In fact, Pleasants entered into the transaction because he thought it would be profitable. "If the payment or exchange is made with the hope of obtaining a gain, there is not duress; it must be made solely for the purpose of protecting the victim's business or property interests." Williston, supra, § 1617, p. 704.

■ We find therefore that plaintiffs failed to show the existence of a valid claim against defendant and therefore affirm summary judgment for the defendant on Counts I and II. For the same reason, we affirm as to Count IV. Plaintiffs have no equitable right to return of the money they paid because it was not exacted from them under duress.

With regard to Count III, alleging damages for fraud under A.R.S. § 44-1522, we also affirm the summary judgments. The actionable deception was, according to plaintiffs, Home Federal's failure to inform them of the holding in *Baltimore Life Ins. Co. v. Harn,* 15 Ariz.App. 78, 486 P.2d 190 (1971). A misrepresentation of the law does not constitute actionable fraud. *Barnes v. Lopez,* 25 Ariz.App. 477, 544 P.2d 694 (1976).

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.