**LAXMI INVESTMENTS, LLC, a California limited liability company, Plaintiff–Appellant,**

v.

**GOLF USA, an Oklahoma corporation, Defendant–Appellee.**

No. 98–15758.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1999.

Decided Sept. 30, 1999.

John C. Gorman, Gorman & Miller, San Jose, California, for the plaintiff-appellant.

Terry T. Johnson and Rebecca A. Mitchells, Wilson Sonsini Goodrich & Rosati, Palo Alto, California, for the defendant-appellee.

Before: SCHROEDER, FERNANDEZ, SILVERMAN, Circuit Judges.

SCHROEDER, Circuit Judge:

This is a dispute in which the parties have agreed to arbitration but disagree on the venue. The parties entered into a franchise agreement that specified an Oklahoma forum, but the offering circular pointed out that California law requires a California forum for franchise agreement dispute resolution. The district court for the Northern District of California held that the arbitration must proceed in Oklahoma and dismissed the franchisee's suit on the ground that the Federal Arbitration Act requires the enforcement of the parties' agreement exactly as the agreement provides. We hold that the parties never clearly agreed to an Oklahoma forum, and so we reverse and remand.

## Factual Background

Plaintiff and appellant Laxmi Corporation ("Laxmi") briefly operated a golf retail franchise in Monterey, California for defendant and appellee Golf USA, Inc. ("Golf USA"). Laxmi is a closely-held corporation owned by Narendra and Viraj Patel. Golf USA is an international golf store franchisor.

Golf USA first offered to sell a franchise to the Patels in May 1995. As required by law, Golf USA gave the Patels a Uniform Franchise Operating Circular, a document that summarizes some of the material terms of the franchise agreement. The offering circular stated in part that:

California Business and Professions Code Sections 20000 through 20043 provide rights to the Franchisee concerning termination or non-renewal of a franchise. If the Franchise agreement contains a provision that is inconsistent with the law, the law will control. The Franchise Agreement requires application of the laws of Oklahoma. This provision may not be enforceable under California law.

The Franchise Agreement also requires binding arbitration. The arbitration will occur in Oklahoma County, State of Oklahoma.... This provision may not be enforceable under California law.

The parties entered into the written franchise contract on May 15, 1995. Unlike the offering circular, the contract made no mention of California law. It stated that all disputes "shall be resolved by arbitration conducted in Oklahoma County, State of Oklahoma, in accordance with the latest existing Commercial Rules of Arbitration of the American Arbitration Association."

Laxmi operated the franchise at a loss for about a year. When the business failed, Laxmi filed a Demand for Arbitration with the American Arbitration Association ("AAA"), requesting that the arbitration take place in California. Laxmi based its position on a section of the California Franchise Relations Act ("CFRA") that establishes that a "provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus.& Prof.Code § 20040.5. Golf USA objected to the California venue on the ground that the contractual provision requiring arbitration in Oklahoma was valid because the Federal Arbitration Act, 9 U.S.C. §§ 1–14, preempted the CFRA.

The AAA ruled that it could not interpret statutes to determine venue, and therefore concluded that the arbitration should be held in Oklahoma, the forum specified in the franchise contract. Laxmi then dismissed its arbitration proceeding and filed suit in California state court. As amended, the complaint alleged violation of

the California franchise laws, breach of contract, negligence, intentional misrepresentation, and other related state law theories. Golf USA removed the action to the Northern District of California on diversity grounds and moved to dismiss or in the alternative to transfer to Oklahoma. The district court treated the matter as a petition by Laxmi to compel arbitration in California. The court agreed with Golf USA that the Federal Arbitration Act preempts the California statute and that arbitration should therefore proceed in Oklahoma. Because it lacked authority to compel arbitration in Oklahoma, the district court dismissed Laxmi's case. Laxmi appeals.

## Discussion

The parties spend much of their efforts disputing whether the Federal Arbitration Act preempts section 20040.5 of the California Franchise Relations Act. We need not decide that issue, because even if California's statutory requirement of a California forum is preempted by the FAA, the parties in this case never agreed to a forum outside California.

Laxmi argues that there was no meeting of the minds on the forum-selection provision. It points us to *Alphagraphics Franchising, Inc. v. Whaler Graphics, Inc.*, 840 F.Supp. 708 (D.Ariz.1993), a well-reasoned case similar to the dispute before us. In *Alphagraphics*, the plaintiff franchisor offered the defendants a franchise to operate an Alphagraphics store in Michigan. As required by Michigan law, the franchisor provided to the defendants a pre-contract form that stated that provisions in franchise agreements requiring out-of-state dispute resolution were void and unenforceable under Michigan law. *See id.* at 709. Despite this notice, the parties executed a franchise contract requiring that arbitration occur in Tucson, Arizona.

When a dispute arose between the parties, the franchisor insisted upon arbitration in Tucson. The defendant franchisees consented to arbitration, but sought a Michigan forum, asserting that "they relied on the notice and believed that Plaintiffs would honor their commitment not to enforce the franchise agreement's requirement that disputes be arbitrated in Tucson." The United States District Court for the District of Arizona agreed with the defendants and ordered that the arbitration take place in Michigan. It held that because the plaintiff franchisor had failed to "inform [defendants] of its intention to insist on enforcement of the forum selection clause if a dispute arises," there was no meeting of the minds on the forum selection provision. *Id.* at 711.

Laxmi persuasively contends that just as in *Alphagraphics,* there was no meeting of the minds on the forum selection clause in this case. Golf USA attempts to distinguish *Alphagraphics* by arguing that unlike the Michigan circular, which stated that out-of-state forum provisions *were not* enforceable under Michigan law, the offering circular here stated only that the out-of-state forum provision *"may not* be enforceable under California law" (emphasis added). That is a distinction without a difference, for the out-of-state forum provision in the franchise contract in this case undeniably runs afoul of section 20040.5 of the California Franchise Relations Act. Moreover, the circular also stated that "[i]f the Franchise agreement contains a provision that is inconsistent with the law, the law *will* control" (emphasis added). The salient point is that just as in *Alphagraphics,* there is no evidence that Golf USA ever indicated that it would insist upon an out-of-state forum despite the contravening California law. As Laxmi argued before the district court, "it had no reasonable expectation that it had agreed to a forum other than California." We therefore hold that the district court erred in enforcing the forum selection clause of the franchise agreement.

Golf USA objects that it provided in the offering circular that an Oklahoma forum "may not be enforceable under California law" only because California law required it to use those very words. *See* Cal.Code Regs. tit. 10, ch. 3, § 310.114.1(c)(5)(B)(iv)

(1990). If the Federal Arbitration Act prevents California from directly mandating where arbitration will occur, argues Golf USA, California should not be able to do so indirectly by requiring this language in pre-contract notices. Because Golf USA believed that the California law requiring the language was preempted, however, it could have challenged the validity of the required language administratively or in court.[1] A contrary approach would unnecessarily undercut the California public policy which requires honest disclosures to franchisees. If the objection of Golf USA carried the day, a franchisor's circular would say that California law will control, and the franchisor would then attempt to claim that it does not. If a franchisor disagrees with the required disclosure language, it can certainly dispute that language, but not at the price of misleading prospective franchisees.

### Conclusion

We REVERSE the decision of the district court and REMAND for the entry of an order that arbitration shall proceed in California.

---

1. *See, e.g.,* Cal.Corp.Code §§ 31110–31118. Those provide for registration of franchise offers with the California Corporations Com-

missioner (§§ 31110–31111), stop orders (§ 31115), and hearings (§ 31117), among other things.