**KAEREN ACCOMMODATIONS, INC., a North Dakota corporation; and K.B. Restaurants, Inc., a North Dakota corporation, Plaintiffs,**

v.

**COUNTRY HOSPITALITY CORPORATION, a Minnesota corporation, Defendant.**

No. A2–02–80.

United States District Court, D. North Dakota, Northeastern Division.

Dec. 10, 2002.

John Thomas Traynor, Jr., Traynor Rutten & Traynor, Devils Lake, ND, J. Michael Dady, Jennifer L. Gehrig, Dady & Garner, PA, Minneapolis, MN, for plaintiffs.

Sidney J. Spaeth, Vogel Weir Hunke & Mccormick Ltd., Stacey Elizabeth Tjon Solberg Stewart Miller & Johnson Ltd, Fargo, ND, for defendants.

## MEMORANDUM & ORDER

WEBB, District Judge.

### I. Introduction

Before the Court is a motion for dismissal by defendant, Country Hospitality Corporation ("CHC"). (Doc. # 9.) Plaintiffs, KaeRen Accommodations, Inc. ("KaeRen") and K.B. Restaurants, Inc. ("K.B."), oppose the motion. (Doc. # 14.) For the reasons given below, the motion is GRANTED.

### II. Background

For the purposes of this motion, the facts are undisputed. In 1996, KaeRen entered into a License Agreement with CHC for the purpose of operating a restaurant in Devils Lake, North Dakota. KaeRen later assigned the Agreement to K.B. The Agreement provides that the licensee "will not be entitled to terminate this Agreement without cause at any time prior to the tenth anniversary of the Restaurant's first opening for business"; otherwise, the licensee is subject to penalties as provided in the Agreement.

After the restaurant closed in 2001, prior to its tenth anniversary, the current franchisor and CHC's successor, Kitchen Investment Group, Inc., d/b/a Country Kitchen International, Inc. ("CKI"), brought suit for breach of contract in Hennepin County against K.B. and five shareholders of KaeRen who agreed to be personally bound by the Agreement. K.B. moved to dismiss the suit, arguing that it was not subject to personal jurisdiction in Minnesota. The Honorable Ann L. Alton, Judge of the District Court in Hennepin County, denied the motion. In so doing, Judge Alton held that defendants consented to personal jurisdiction pursuant to the Agreement's forum selection clause, which provided that all disputes between the parties to the Agreement would be venued in Hennepin County.

While the Hennepin County dismissal motion was pending, KaeRen and K.B. filed this action, which alleges various tort and contract claims against CHC. CHC moves to dismiss, arguing that because Judge Alton held that the forum selection clause was enforceable, then any action in a venue other than Hennepin County is improper.

### III. Analysis

CHC's dismissal motion is for improper venue pursuant to Rule 12(b)(3). Therefore, the pleadings need not be accepted as true, and facts outside the pleadings may be considered. See *Kukje Hwajae Ins. Co. v. M/V HYUNDAI LIBERTY*, 294 F.3d 1171, 1174 (9th Cir.2002).

CHC contends that the *Federal Full Faith and Credit Statute*, 28 U.S.C. § 1738, requires that the Court give preclusive effect to Judge Alton's decision. The Court, however, need not address whether or not it is bound by Judge Alton's Order, since, as explained below, it

independently finds that the forum selection clause is enforceable.

It is not settled whether state law or federal law applies when a federal court, sitting in diversity, is faced with the question of whether or not a contractual forum selection clause should be enforced. Courts have reached differing conclusions on this issue because "[o]n the one hand the clause determines venue and can be considered procedural, but on the other, choice of forum is an important contractual right of the parties." *Farmland Indus., Inc. v. Frazier–Parrott Commodities, Inc.,* 806 F.2d 848, 852 (8th Cir.1986). The Eighth Circuit has yet to make a definitive ruling on this issue. *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.,* 183 F.3d 750, 752 n. 4 (8th Cir.1999). This does not matter, though, because the North Dakota Supreme Court has never directly ruled on the effect of forum selection clauses.

■ If it was given the chance, the Court is confident that the North Dakota Supreme Court would do as others have and look to federal law regarding the enforcement of forum selection clauses. *See, e.g., Klenz v. AVI Int'l,* 647 N.W.2d 734, 741 (S.D.2002). The applicable federal standard is set forth in *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Bremen establishes that forum selection clauses are presumptively valid and should be enforced unless such enforcement is shown to be unreasonable or unjust or the clause is shown to be invalid because of fraud or overreaching. *Id.* at 15, 92 S.Ct. 1907. Plaintiffs set forth several arguments as to why the clause should not be enforceable. These arguments will be addressed in turn.

The forum selection clause, located in Article 23.7 of the Agreement, provides:

Unless otherwise prescribed by applicable law, all litigation, lawsuits, court hearings, proceedings or other actions initiated by either party against the other party will be venued in Hennepin County, Minnesota.

Plaintiffs argue that this provision is negated by Article 28.2(F), which states:

If this Agreement is governed by the laws of the State of North Dakota, then ... consent by the Licensee to jurisdiction and venue in Hennepin County, Minnesota, contained in Article ... 23.7 may be inapplicable.

Plaintiffs cite *Laxmi Investments, LLC v. Golf USA,* 193 F.3d 1095 (9th Cir.1999), for the proposition that a forum selection clause is unenforceable when it is modified by a provision that indicates that the clause may not be enforceable under state law. Plaintiffs' reading of Laxmi is incorrect. The court in Laxmi held that the forum selection clause was unenforceable because a provision in California law mandated that "a provision in a franchise agreement restricting venue to a forum outside this state is void." *Id.* at 1097; Cal. Bus. & Prof.Code § 20040.5. The Court has found no similar provision in North Dakota law; therefore, the caution that the forum selection clause is potentially inapplicable under North Dakota Law need not be heeded, and the forum selection clause remains in effect.

The North Dakota Franchise Investment Law is designed "to protect potential franchisees in North Dakota from unfair contracts and other prevalent and previously unregulated abuses in the growing national franchise industry." *Peck of Chehalis, Inc. v. C.K. of Western America, Inc.,* 304 N.W.2d 91, 96 (N.D.1981). Plaintiff argues that the protective nature of this statute requires the Court to hold that forum selection clauses in franchise agreements are void as against public policy in the State of North Dakota. The Court declines to do so.

Several other states have enacted similar laws protecting franchisees, and some have included a specific provision voiding forum selection clauses in certain instances. See, e.g., Cal. Bus. & Prof. Code § 20040.5; 815 Ill. Comp. Stat. 705/4; R.I. Gen. Laws § 19–28.1–14; S.D. Codified Laws 37–5A–51.1. North Dakota, however, has not. This Court is wary of creating state law when the legislature could have done so in the first instance; this Court, sitting in diversity, has a duty "to interpret state law, not to fashion it." *Orion Financial Corp. of South Dakota v. American Foods Group, Inc.*, 281 F.3d 733, 738 (8th Cir.2002). The Court therefore rejects plaintiffs' assertion that the forum selection clause is void as against North Dakota public policy.

Plaintiffs finally assert that the forum selection clause is unenforceable because the License Agreement was not freely negotiated between parties of equal bargaining power. A similar argument was made and rejected in *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750 (8th Cir.1999). That plaintiffs signed an "as is" or form contract without actually negotiating its terms does not automatically render the forum selection clause unenforceable. *Id.* (*citing Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).) These assertions, without more, are simply insufficient to overcome the presumption of validity. *Id.*

## IV. Conclusion

For the reasons above, the Court concludes that the forum selection clause is enforceable, and plaintiffs may only maintain their suit in Hennepin County, Minnesota. CHC's motion to dismiss is GRANTED. (Doc. # 9.) Accordingly, IT IS ORDERED that this action be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.