[No. F053691. Fifth Dist. Aug. 19, 2008.]

RON WINTER et al., Plaintiffs and Respondents, v.
WINDOW FASHIONS PROFESSIONALS, INC., et al., Defendants and
Appellants.

944

## Counsel

Simas & Hutchison, Steven L. Simas, Scott M. Hutchison and H. Jacob Chang for Defendants and Appellants.

Hunt & Jeppson, Robert W. Hunt and Seth L. Hanson for Plaintiffs and Respondents.

## Opinion

**LEVY, J.**—Appellant, Window Fashions Professionals, Inc. (WFP), a Texas corporation, sold a window coverings franchise to respondents, Ron Winter and Rochelle Winter. The franchise agreement provided that, in the event of a dispute between the parties, binding arbitration would be held in Texas and Texas law would be applied. However, the Uniform Franchise Offering Circular provided by WFP stated that the arbitration and choice of law provisions "may not be enforceable under California law."

Respondents filed a complaint in the Tulare County Superior Court against appellants, WFP, Mike Rose and Michael McMenomy, seeking rescission of the franchise agreement and damages. In response, appellants filed a petition to compel arbitration in Texas. The trial court denied the petition finding there was no meeting of the minds as to the agreement to arbitrate and, even if there were, the arbitration clause was unconscionable.

Appellants contend the trial court erred in ruling on the validity of the franchise agreement. Rather, that determination should have been made by the arbitrator. Appellants further argue that the court erred in holding there was no meeting of the minds, in applying California law, and in holding that the arbitration provision was unconscionable.

As discussed below, it was proper for the trial court to determine the validity of the arbitration provision. Moreover, the trial court's ruling was correct. Accordingly, the order denying the petition to arbitrate will be affirmed.

## BACKGROUND

After Ron Winter was laid off from his longtime job, respondents investigated a franchise opportunity with WFP, a company that sold and installed window coverings.

One of the documents WFP provided to respondents was a Uniform Franchise Offering Circular (UFOC). The UFOC included a California appendix that stated:

"The franchise agreement requires binding arbitration. The arbitration will occur at Dallas County, Texas with the costs being borne by the losing party. This provision may not be enforceable under California law.

"The franchise agreement requires application of the laws and forum of Texas. This provision may not be enforceable under California law."

Thereafter, WFP and respondents entered into a franchise agreement (Agreement). The Agreement provides that any controversy or claim shall be submitted to binding arbitration and that any arbitration proceeding shall be conducted in Dallas County, Texas.

Respondents paid the franchise fee and received training manuals from WFP. At that point, respondents learned that California required a specialty class contractor's license in order to install the window coverings. Respondents did not have such a license and were not qualified to obtain one. Thus, respondents were forced to shut down their business.

Respondents filed a complaint against appellants for rescission, violation of the Franchise Investment Law (Corp. Code, § 31000 et seq.), unjust enrichment, negligent misrepresentation, fraud, and violation of Business and Professions Code section 17200 et seq.

Appellants responded by filing a petition to compel arbitration. After the briefing was completed, respondents filed a supplemental opposition in which they argued that the arbitration provision was unenforceable. The trial court continued the hearing to give appellants an opportunity to file a supplemental reply.

The trial court denied appellants' petition to compel arbitration finding "that there was no meeting of the minds as to the agreement to arbitrate and, even if there were, that the arbitration clause is unconscionable, and thus the court refuses to enforce it."

## DISCUSSION

### 1. *Standard of review.*

The determination of the validity of an arbitration clause, i.e., a contractual agreement to arbitrate a controversy, is solely a judicial function unless it turns on the credibility of extrinsic evidence. (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1527 [60 Cal.Rptr.2d 138].) Accordingly, an appellate court is not bound by a trial court's construction of an arbitration clause if such construction is based solely upon the terms of the instrument. (*Ibid.*)

Here, contrary to respondents' position, the trial court did not consider extrinsic evidence in denying appellants' petition to compel arbitration. Rather, the trial court's ruling was based on the Agreement and the UFOC, which was incorporated into the Agreement. Therefore, the trial court's arbitrability determination is subject to de novo review. (*Stirlen v. Supercuts, Inc., supra*, 51 Cal.App.4th at p. 1527.)

### 2. *The trial court properly determined the issue of arbitrability.*

In contracts involving interstate commerce, federal law applies to the enforcement of arbitration clauses. (*Higgins v. Superior Court* (2006) 140 Cal.App.4th 1238, 1247 [45 Cal.Rptr.3d 293].) Thus, here, the enforceability of the arbitration clause is governed by the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.). (140 Cal.App.4th at p. 1247.)

Under both the FAA and California law, arbitration agreements are valid, irrevocable, and enforceable, except upon such grounds that exist at law or in equity for voiding any contract. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 98 [99 Cal.Rptr.2d 745, 6 P.3d 669].) Such challenges to the validity of arbitration agreements can be divided into two types. (*Buckeye Check Cashing, Inc. v. Cardegna* (2006) 546 U.S. 440, 444 [163 L.Ed.2d 1038, 126 S.Ct. 1204].) One type specifically challenges the validity of the agreement to arbitrate. The second challenges the contract as a whole, either on a ground that directly affects the entire agreement or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid. (*Ibid.*)

As a matter of federal law, arbitration clauses are " ' "separable" from the contracts in which they are embedded.' " (*Bruni v. Didion* (2008) 160 Cal.App.4th 1272, 1283 [73 Cal.Rptr.3d 395].) Consequently, an arbitration clause may be enforceable regardless of whether the contract surrounding it is enforceable. (*Ibid.*) Unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first

instance. (*Buckeye Check Cashing, Inc. v. Cardegna, supra*, 546 U.S. at pp. 445–446.) Therefore, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator. (*Id.* at p. 449.) However, a challenge to the arbitration clause itself must be decided by the court. (*Higgins v. Superior Court, supra*, 140 Cal.App.4th at p. 1249.) Nevertheless, a court still must consider one type of challenge to the overall contract, i.e., a claim that the party resisting arbitration never actually agreed to be bound. (*Bruni v. Didion, supra*, 160 Cal.App.4th at p. 1284.)

Appellants contend the trial court erred in ruling on the validity of the arbitration provision because respondents' *complaint* challenged the entire Agreement, not just the arbitration clause. Based on language in *Buckeye Check Cashing, Inc. v. Cardegna, supra*, 546 U.S. 440, and *Nagrampa v. MailCoups, Inc.* (9th Cir. 2006) 469 F.3d 1257, appellants argue that the court must examine "[t]he crux of the complaint" to determine whether the challenge is to the arbitration provision itself or the entire contract. (*Buckeye Check Cashing, Inc. v. Cardegna, supra*, 546 U.S. at p. 444; *Nagrampa v. MailCoups, Inc., supra*, 469 F.3d at p. 1277.)

However, both of the above cases are distinguishable from the situation here. In *Buckeye Check Cashing, Inc.*, the plaintiffs never specifically challenged the arbitration provision in any manner. In *Nagrampa*, the challenge to the arbitration clause was part of the complaint but that complaint was filed in response to an arbitration demand. In this case, respondents' challenge to the arbitration clause was in response to appellants' petition to compel arbitration.

In *Higgins v. Superior Court, supra*, 140 Cal.App.4th 1238, the court was presented with a situation similar to the one here. There, the complaint alleged causes of action for misrepresentation, breach of contract, unfair competition, and false advertising. The defendants petitioned to compel arbitration pursuant to the FAA. In opposing the petition, the plaintiffs claimed, among other things, that the arbitration provision was unconscionable and therefore unenforceable.

The *Higgins* court noted that, under the FAA, a court cannot consider a claim that an arbitration provision is unenforceable if that claim is a subterfuge for a challenge to the entire agreement as being unconscionable. The court then explained its two-fold task. First, the court must determine whether the plaintiffs are challenging the enforceability of the contract in toto, or whether they are contesting only the arbitration provision. If the court concludes it is the latter, it must then rule on the merits of the plaintiffs' challenge. (*Higgins v. Superior Court, supra*, 140 Cal.App.4th at p. 1249.) After analyzing the plaintiffs' opposition to the petition to compel arbitration,

the court concluded that, despite the absence of a challenge to the arbitration provision in the complaint, it was within the province of the court, not the arbitrator, to rule on the validity of that arbitration clause. (*Id.* at pp. 1250–1251.)

Here, respondents' supplemental opposition to the petition to compel arbitration specifically challenged the arbitration provision. As the plaintiffs did in *Higgins*, respondents argued the arbitration provision itself was unconscionable. Further, based on the statement in the UFOC that the arbitration provision may not be enforceable under California law, respondents claimed there was no meeting of the minds as to that provision. If the parties resisting arbitration claim that they never agreed to the arbitration clause at all, the court must consider that claim. (*Bruni v. Didion, supra*, 160 Cal.App.4th at p. 1287.) Accordingly, the trial court correctly concluded that it must consider respondents' challenge.

Appellants claim that the "improper and belated *supplemental opposition*" indulged by the court is an "obvious 'subterfuge' for [respondents'] challenge to the entire franchise agreement." However, besides labeling it "improper," appellants do not argue either that the trial court erred in considering this opposition or that they were prejudiced thereby. Moreover, appellants do not explain how this clear attack on the arbitration provision itself constituted "subterfuge" for a challenge to the entire Agreement. Rather, the record demonstrates the absence of any such "subterfuge" in that the trial court did not consider the merits of respondents' complaint when it ruled on the petition to compel arbitration.

3. *The trial court correctly relied on* Laxmi Investments, LLC v. Golf USA *in holding there was no meeting of the minds in forming the Agreement.*

As outlined above, the trial court held there was no meeting of the minds as to the Agreement because of the advisement in the UFOC that the provision may not be enforceable under California law. In reaching this conclusion, the court relied on *Laxmi Investments, LLC v. Golf USA* (9th Cir. 1999) 193 F.3d 1095.

In *Laxmi*, the plaintiff franchisee opened a franchise in California that it had purchased from the defendant franchisor, an Oklahoma corporation. As here, the UFOC advised the plaintiff that the provision in the franchise agreement requiring binding arbitration to take place outside California might not be enforceable under California law. When the business failed, the plaintiff filed a demand for arbitration. The plaintiff requested that the arbitration take place in California despite the franchise agreement's specification of Oklahoma as the arbitration forum.

Under these circumstances, the Ninth Circuit refused to enforce the forum selection clause in the franchise agreement. The court concluded, based on the UFOC forum selection advisement, that the parties had never clearly agreed to an Oklahoma forum, i.e., there was no meeting of the minds on this issue. (*Laxmi Investments, LLC v. Golf USA, supra,* 193 F.3d at p. 1097.)

The *Laxmi* court noted that the parties spent much of their efforts debating whether the FAA preempted the California statute that voids a franchise agreement provision restricting venue to a forum outside California. (Bus. & Prof. Code, § 20040.5.) However, the court concluded "We need not decide that issue, because even if California's statutory requirement of a California forum is preempted by the FAA, the parties in this case never agreed to a forum outside California." (*Laxmi Investments, LLC v. Golf USA, supra,* 193 F.3d at p. 1097.)

Appellants contend that the trial court erred in relying on *Laxmi Investments, LLC v. Golf USA* without analyzing the later case of *Bradley v. Harris Research, Inc.* (9th Cir. 2001) 275 F.3d 884. However, the trial court did consider *Bradley.* Moreover, *Bradley* is distinguishable.

In *Bradley v. Harris Research, Inc., supra,* 275 F.3d at page 892, the court held that Business and Professions Code section 20040.5 is preempted by the FAA and therefore reversed the district court's finding that the arbitration agreement's forum selection clause was invalid under that section. However, in *Laxmi Investments, LLC v. Golf USA,* the court concluded that, even if Business and Professions Code section 20040.5 were preempted, the parties did not agree to the out-of-state forum. Moreover, the *Bradley* court did not consider a UFOC advisement that the arbitration provision might not be enforceable under California law because the UFOC delivered by the franchisor was not made part of the record. (*Bradley v. Harris Research, Inc., supra,* 275 F.3d at p. 891.) Thus, in *Bradley,* there was no evidence in the record to support a *Laxmi* analysis. Accordingly, *Bradley v. Harris Research, Inc.* did not overrule the reasoning in *Laxmi Investments, LLC v. Golf USA* and the trial court correctly relied on *Laxmi* to hold that the arbitration provision was not enforceable because there was no meeting of the minds between respondents and appellants as to that agreement to arbitrate.

Similarly, there was no meeting of the minds as to the choice of law provision. As with the arbitration provision, the UFOC advised that the franchise Agreement's requirement that Texas law be applied "may not be enforceable under California law." Therefore, the trial court correctly applied California law.

■ In sum, because respondents specifically challenged the validity of the arbitration provision, it was within the province of the court, not the

arbitrator, to rule on that challenge. Further, the court properly concluded that the arbitration provision was unenforceable in that there was no meeting of the minds as to that provision. In light of this conclusion, we need not consider appellants' claim that the trial court improperly determined that the arbitration provision was substantively unconscionable.

## DISPOSITION

The order is affirmed. Costs on appeal are awarded to respondents.

Wiseman, Acting P. J., and Kane, J., concurred.