Filed 4/15/15  Carmax Auto Superstores California v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, | |
| Petitioner, | E062879 |
| v. | (Super.Ct.No. RIC1406023) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| TRINIDAD HERRERA et al., | |
| Real Parties in Interest. | |


ORIGINAL PROCEEDINGS; petition for writ of mandate/prohibition.  Craig Riemer, Judge.  Petition granted.

Ogletree, Deakins, Nash, Smoak & Stewart, Jack S. Sholkoff and Patricia M. Jeng, for Petitioner.

1

Gartenberg Gelfand Hayton, Aaron C. Gundzik and Rebecca G. Gundzik; Law Office of Neal J. Fialkow and Neal J. Fialkow, for Real Parties in Interest.

In this matter we have reviewed the petition and the opposition filed by real parties in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

The language of Code of Civil Procedure section 1281.4 is unequivocal: as long as an application to compel arbitration remains "undetermined," the court handling related litigation "*shall* . . . stay the action . . . until the application for an order to arbitrate is determined." (Code of Civ. Proc., § 1281.4, italics added; see *Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 620.) The purpose is to protect the jurisdiction of the arbitrator and prevent duplicative proceedings, and the court's power to refuse a stay is, if it exists at all, extremely limited. (*MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 658-662.) In our view it is clear that this means *finally* determined as long as a dissatisfied party is pursuing appellate review.

Although it is not crucial to our construction of the statute, we also note that the federal district courts are in disagreement concerning the correctness of the decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 and petitioner's

2

appeal stands at least some chance of success. Furthermore, *Iskanian* does not decide as a rule of law where claims under Labor Code section 2698 should be determined.

DISPOSITION

Accordingly, the petition for writ of mandate is granted. Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order denying petitioner's motion to stay the action, and to enter a new order granting said motion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. Petitioner to recover its costs.

The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:


RAMIREZ
P. J.


HOLLENHORST
J.

3