Filed 6/28/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MILAN CVEJIC,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SKYVIEW CAPITAL, LLC, et al.,<br><br>        Defendants and Appellants. | B318880<br><br>Los Angeles County<br>Super. Ct. No. 19SMCV00537 |

APPEAL from an order of the Superior Court of Los Angeles County, Helen Zukin, Judge.  Affirmed.

Troutman Pepper Hamilton Sanders, Jeffrey M. Goldman and Matthew H. Ladner for Defendants and Appellants.

Henry|Lacey, Stephen F. Henry, Mary Kay Lacey; The Jadhavji Law Firm and Alishan A. Jadhavji for Plaintiff and Respondent.

_____

A statute gave Milan Cvejic the option to get out of arbitration if Skyview was tardy in paying its arbitration fees.

Skyview was tardy in paying its arbitration fee. Cvejic was entitled to get out. Citations are to the Code of Civil Procedure.

I

Plaintiff Cvejic worked for Defendant Skyview Capital, LLC. He sued this entity and others in state court after his termination. We refer to the defendants as Skyview.

Skyview moved to compel arbitration. The trial court granted the motion and stayed proceedings. The case went before a panel of three arbitrators through the American Arbitration Association under the rules for commercial cases. After at least one continuance, the final hearing on the merits was set to begin August 5, 2021.

Skyview had to pay arbitration fees ahead of the hearing. The fees were due June 4, 2021.

On July 7, 2021, Cvejic's counsel asked the case manager whether Skyview had paid the deposits. On July 8, 2021, the case manager confirmed by email that Skyview had not paid. The manager scheduled a call to address the situation. During the call, Skyview's counsel reported there was "no further explanation" for his clients' failure to pay the fees. Cvejic reserved his rights to proceed under the Code of Civil Procedure.

The panel stated "[t]he Hearing fees have been requested and the deadline for making the deposits has passed." It set a new deadline of July 14th for payment of the fees.

Within about an hour of the call, Cvejic's counsel wrote the panel to say Cvejic was withdrawing from the arbitration under section 1281.98. The panel chair responded that Cvejic's request was "premature"—presumably because the deadline was now July 14th. Thereafter the panel ruled section 1281.98 was not in play because Skyview "came into compliance with the Panel's

2

Orders regarding posting deposits." Skyview ultimately paid its fee by July 14th.

On July 21, 2021, Cvejic filed in the trial court a section 1281.98 Election to Withdraw from Arbitration. Soon after, he sought ex parte relief, which the court denied due to the absence of emergency. In December 2021, Cvejic refiled his section 1281.98 election, which included a request for sanctions under the statute and a motion to vacate the earlier order staying court proceedings. Skyview opposed the filing. The court's February 2022 order granted Cvejic's request to withdraw from arbitration, vacated the order staying proceedings, and awarded Cvejic reasonable expenses under section 1281.99.

II

The order allowing Cvejic to withdraw from arbitration was proper.

A

The Legislature enacted section 1281.98 in 2019 to curb a particular arbitration abuse. The abuse was that a defendant could force a case into arbitration but, once there, could refuse to pay the arbitration fees, thus effectively stalling the matter and stymying the plaintiff's effort to obtain relief. The Legislature called this "procedural limbo." (*Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 634 (*Gallo*) [quoting legislative history].) Our colleagues termed it a "procedural purgatory." (*Ibid.*)

> The statute begins:
> In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and

3

costs during the pendency of an arbitration proceeding, *if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach* of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach.

(§ 1281.98, subd. (a)(1), italics added.)

Subdivision (b) of the statute provides employees and consumers with a choice of forum upon breach: They may elect to "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction" or "[c]ontinue the arbitration proceeding" should the provider agree to continue. (§ 1281.98, subds. (b)(1) & (2).) The statute also empowers courts to award fees, costs, and sanctions. (§§ 1281.98, subd. (c); 1281.99.)

The Legislature enacted section 1281.97 along with section 1281.98. The former provision concerns fees due at the *initiation* of the arbitration. Otherwise, the provisions are analogous, and courts analyze them similarly. (See *Gallo, supra*, 81 Cal.App.5th at p. 633 & fn. 4.)

After the current fee dispute arose, the Legislature amended both sections in 2021. The amendments added a new subdivision to section 1281.98 that compelled arbitrators to provide invoices to all parties, specified requirements for these invoices, and clarified the due date for fees. (Stats. 2021, ch. 222, § 3; § 1281.98, subd. (a)(2).) The new subdivision also includes this new sentence: "Any extension of time for the due date shall be agreed upon by all parties." (§ 1281.98, subd. (a)(2).) The amendments became effective January 1, 2022. (*Id*.)

4

Our review is independent because we interpret a statute on undisputed material facts.  (See *De Leon v. Juanita's Foods* (2022) 85 Cal.App.5th 740, 749–750 (*De Leon*).)  We give statutory words their plain meaning.  (*Id.* at p. 750.)  Our goal is to effectuate the statute's purpose.  (*Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 135.)

                                    B

Cvejic maintains this order is non-appealable.  We stand by our Interim Order denying Cvejic's motion and incorporate that order here.  The trial court's order overrode its initial decision compelling this matter to arbitration and was functionally equivalent to an order denying arbitration.  Orders like that are appealable.  (See *Lawson v. ZB, N.A.* (2017) 18 Cal.App.5th 705, 714; *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 653–656; see also *Williams v. West Coast Hospitals, Inc.* (2022) 86 Cal.App.5th 1054, 1063–1065 (*Williams*).)

                                    C

As the legislative history and caselaw direct, we strictly enforce this statute.  (E.g., Assem. Com. on Judiciary, Analysis of Sen. Bill No. 707 (2019-2020 Reg. Sess.), as amended May 20, 2019, p. 9 ["the material breach and sanction provisions of this bill would seem to be a strict yet reasonable method to ensure the timely adjudication of employee and consumer claims that are subject to arbitration"]; *Espinoza v. Super. Ct.* (2022) 83 Cal.App.5th 761, 771, 775–777 (*Espinoza*); *Williams, supra,* 86 Cal.App.5th at p. 1063.)

The Legislature sought a clear rule for determining whether the late payment of a fee by a drafting party constituted

a material contract breach.  (*De Leon*, *supra*, 85 Cal.App.5th at p. 756.)

The statute provides recourse when the party that pressed for arbitration fails to pay its arbitration fee.  The statute deems this failure to be a material breach and entitles the claimant to withdraw unilaterally from arbitration.  (*De Leon*, *supra*, 85 Cal.App.5th at p. 753 [statute establishes a bright-line rule].)

Skyview's fees were due June 4, 2021.  By July 9th, Skyview had not paid.  Skyview was in material breach of the parties' arbitration agreement.  Section 1281.98 entitled Cvejic to withdraw from the arbitration.  It is that simple.

The statute does not empower an arbitrator to cure a party's missed payment.  There is no escape hatch for companies that may have an arbitrator's favor.  Nor is there a hatch for an arbitrator eager to keep hold of a matter.  As the trial court observed, "If . . . the drafting party were permitted numerous continuances for failure to pay arbitration fees, therefore delaying the proceedings, C.C.P. section 1281.98 would have no meaning, force, or effect."  (See also *De Leon*, *supra*, 85 Cal.App.5th at p. 749 ["late payment as provided in section 1281.98 constitutes a 'material breach' without regard to any additional considerations"].)

The parties dispute whether the trial court erroneously applied the amended statute retroactively in granting Cvejic's request.  Because our review is independent, we need not resolve this dispute over the trial court's reasoning.  Moreover, the amendment is no stumbling block:  this case involves setting an entirely new fees deadline after a material breach in order to cure the breach.  It does not hinge on any "extension of time" for the

6

due date before a breach.  The deadline came and went without a payment.

There was no forfeiture.  Skyview incorrectly argues Cvejic waived any challenge to the new July deadline because he delayed in withdrawing and had acquiesced to another extension earlier in the arbitration.  The panel chair acknowledged Cvejic reserved his rights "to proceed pursuant to the CCP" on the July 9, 2021 call.  Regarding the earlier extension, the record shows the initial fee deadline of January 28, 2021 was moved to June 4, 2021 because the final hearing was rescheduled.  The arbitration provider requested fees "60 days prior to the first day of hearing."  The parties had agreed to continue the hearing on January 25th, before any breach by Skyview.  Cvejic did not consent to a breach.

Leaning heavily on *Greenspan v. LADT, LLC* (2010) 185 Cal.App.4th 1413, Skyview argues courts must respect arbitrators' decisions on procedural matters and this trial court improperly ignored the arbitrators' procedural ruling on the fees deadline.  But the court was not reviewing a procedural decision made by arbitrators; it was ruling on an election under section 1281.98 made in the trial court.  The statute required this ruling.

Skyview maintains the parties' agreement entitles only arbitrators to rule on Cvejic's right to withdraw from arbitration, as it provides any claim of breach of contract "shall be fully, finally and exclusively resolved by binding arbitration . . . ."  In support, Skyview cites *Dekker v. Vivint Solar, Inc.* (9th Cir. Oct. 26, 2021, No. 20-16584), 2021 WL 4958856, a brief opinion the Ninth Circuit decided not to publish.  We respectfully disagree with *Dekker*, which dismissed the plaintiffs' "statutory claim under § 1281.97" and declined to analyze or apply the statute's language.  (*Id.* at *1.)

7

The statute's intent for the trial court to decide this statutory issue controls. (See *Williams*, *supra*, 86 Cal.App.5th at p. 1069 ["the Legislature's unambiguous provision for employees and consumers covered by section 1281.98 to unilaterally withdraw from arbitration and proceed in a court of appropriate jurisdiction compels the conclusion that the Legislature intended courts to exercise jurisdiction over such proceedings, as a matter of positive law"].) Skyview makes no claim this statute is unconstitutional. And Skyview forfeited its argument regarding federal preemption by failing to raise the argument in its opening brief.

In enacting sections 1281.97 through 1281.99, the Legislature perceived employers' and companies' failure to pay arbitration fees was foiling the efficient resolution of cases. This contravened public policy. (*De Leon*, *supra*, 85 Cal.App.5th at p. 750.) The Legislature responded by making nonpayment and untimely payment grounds for proceeding in court and getting sanctions. The point was to take this issue away from arbitrators, who may be financially interested in continuing the arbitration and in pleasing regular clients. The trial court was right to decide this matter of statutory law.

Skyview cites other inapposite federal and state cases. These decisions concern respect for arbitrator authority and decisionmaking and for the parties' intent. These cases do not involve this statute, which established a right to withdraw from arbitration and go to court. (E.g., *Green Tree Financial Corp. v. Bazzle* (2003) 539 U.S. 444, 452 ["the relevant question here is what *kind of arbitration proceeding* the parties agreed to"— which "does not concern a state statute or judicial procedures"]; *Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 86

["parties to an arbitration contract would normally expect a forum-based decisionmaker to decide forum-specific procedural gateway matters"].)

Skyview also cites the governing arbitration rules and asks us to take judicial notice of these rules and certain legislative history. We grant the request and Cvejic's similar motion for judicial notice. But none of these rules gives arbitrators authority to cure a material breach of contract or to prevent a non-breaching party from withdrawing from arbitration.

On the issue of sanctions, Skyview's opening brief does not separately attack the sanctions award. It simply asks us to vacate the trial court's order in its entirety. The sanctions remain. Skyview has not shown the award is erroneous.

## DISPOSITION

We affirm the trial court's order and award costs to Cvejic.


WILEY, J.


We concur:



GRIMES, Acting P. J.



VIRAMONTES, J.

9