Filed 9/18/24  U.S. Glass & Aluminum v. Winco Window Co. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| U.S. GLASS & ALUMINUM, INC. OF NEVADA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WINCO WINDOW COMPANY,<br><br>    Defendant and Appellant. | A169223<br><br>(City & County of San Francisco Super. Ct. No. CGC23607266) |

In 2023, U.S. Glass & Aluminum, Inc. of Nevada (U.S. Glass) sued Winco Window Company (Winco) alleging breach of contract.  U.S. Glass petitioned the trial court to compel arbitration in San Francisco, while Winco petitioned for arbitration in Missouri.  The court granted U.S. Glass's petition and found Winco's moot.  Winco appeals the functional denial of its petition to arbitrate, and we affirm.

### BACKGROUND

In 2021, U.S. Glass contracted Winco to manufacture windows for a housing development in San Francisco.  U.S. Glass sent Winco a purchase order incorporating its "Standard Terms & Conditions."  Its terms required — if a dispute arose — arbitration in San Francisco.  Winco replied via e-mail, "[y]our PO, as attached, has been accepted."  Winco attached the purchase order but drew an "X" over the terms clause and wrote, "EM Per Winco Terms 5/11/2021."  Winco's terms required arbitration in Missouri.  U.S.

1

Glass did not open the attachment because Winco indicated in its e-mail that it accepted the purchase order.

After U.S. Glass sued, both parties petitioned the trial court to compel arbitration. The court heard the petitions concurrently and found Winco did not expressly condition its acceptance of U.S. Glass's purchase order on U.S. Glass's assent to Winco's terms, and that the proposed changes were material. Therefore, it concluded U.S. Glass's terms controlled. It granted U.S. Glass's petition and ordered Winco's off calendar.[1]

**DISCUSSION**

Winco — relying on *Roth Grading, Inc. v. Martin Bros. Constr.* (E.D.Cal. 2020) 493 F.Supp.3d 865 and *Shaw v. Regents of University of California* (1997) 58 Cal.App.4th 44 — argues the trial court erred in finding it did not expressly condition its acceptance of the purchase order on U.S. Glass's assent to its terms. We disagree.

"Where a commercial buyer and seller seeking to make a deal exchange forms containing inconsistent provisions, California Uniform Commercial Code section 2207 governs the existence of a contract and its terms." (*Transwestern Pipeline Co. v. Monsanto Co.* (1996) 46 Cal.App.4th 502, 513, fn. omitted (*Transwestern*); undesignated statutory references are to this code.) Section 2207 provides a " 'definite and seasonable expression of acceptance . . . operates as an acceptance even though it states terms additional to or different from those offered,' " " 'unless acceptance is *expressly* made conditional on assent to the additional or different terms.' " (*Transwestern*, at p. 513, some italics omitted.) Whether a contract exists is a

---

[1] We assume the trial court's orders functionally denied Winco's petition. (*MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 655 [order declaring arbitration provision unenforceable functional denial of arbitration petition].)

factual question if the evidence allows more than one inference.  (*Alexander v. Codemasters Group Limited* (2002) 104 Cal.App.4th 129, 141.)  Where denial of a motion to arbitrate turns on disputed facts, we review the trial court's ruling for substantial evidence.  (*Luxor Cabs, Inc. v. Applied Underwriters Captive Risk Assurance Co.* (2018) 30 Cal.App.5th 970, 977.)

Substantial evidence supports the trial court's finding that Winco did not expressly condition its acceptance on U.S. Glass's acceptance of Winco's different terms.  (*Steiner v. Mobil Oil Corp.* (1977) 20 Cal.3d 90, 100–101, italics omitted [stating "go ahead" with the purchase and not calling buyer's attention to changes in the contract not conditional acceptance].)  Nothing in Winco's e-mail or the attached purchase order expressly states its acceptance was conditional.  (E.g., *Transwestern*, *supra*, 46 Cal.App.4th at p. 514 [seller stating order accepted " 'only on the express condition that you assent to the terms' contained in the invoice" conditional acceptance]; *PMC, Inc. v. Porthole Yachts, Ltd.* (1998) 65 Cal.App.4th 882, 886, 888 [documents returned with cover letter describing "concerns with completing the transaction" conditional acceptance].)  Instead, the e-mail says "[y]our PO, as attached, has been accepted."  Winco points to no authority, and we have found none, suggesting similar language may expressly condition acceptance.

Winco's reliance on *Roth Grading, Inc. v. Martin Bros. Constr.*, *supra*, 493 F.Supp.3d 865 and *Shaw v. Regents of University of California*, *supra*, 58 Cal.App.4th 44 is unavailing.  In *Roth Grading*, the buyer wrote seller could only be bound by buyer's terms in its returned purchase order, and *Shaw* did not concern a sale of goods.  (*Roth Grading*, at p. 869; *Shaw*, at p. 53.)

Next, Winco argues the trial court failed to consider U.S. Glass's "obligation" to read the purchase order attached to Winco's e-mail.  We are

unpersuaded. Whether U.S. Glass read the returned purchase order is irrelevant to whether Winco conditioned its acceptance and U.S. Glass's acceptance of Winco's different terms. (*Transwestern, supra,* 46 Cal.App.4th at pp. 513–514.) In arguing to the contrary, Winco relies on *Randas v. YMCA of Metropolitan Los Angeles* (1993) 17 Cal.App.4th 158, 163, *Roldan v. Callahan & Blaine* (2013) 219 Cal.App.4th 87, 93, *In re Tobacco Cases I* (2010) 186 Cal.App.4th 42, 47–48, and *Estate of Eskra* (2022) 78 Cal.App.5th 209, 215. But those cases did not concern sales between commercial buyers and sellers and were not governed by section 2207. (*Randas,* at p. 163; *Roldan,* at p. 93; *Tobacco Cases,* at pp. 47–48; *Eskra,* at p. 215; *Transwestern,* at p. 513.)

Finally, because we conclude Winco did not condition its acceptance and the parties thus formed a contract through their writings, we need not apply the Commercial Code's "supplementary terms." (*Transwestern, supra,* 46 Cal.App.4th at p. 515.)

## DISPOSITION

The judgment is affirmed. U.S. Glass shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

4

_____

RODRÍGUEZ, J.

WE CONCUR:

_____

TUCHER, P. J.

_____

PETROU, J.

A169223; *U.S. Glass & Aluminum, Inc. of Nevada v. Winco Window Co.*

5